See also Larson v. State, 106 Tex.Cr.R. 261, 285 S.W. 317, and Robertus v. State, 119 Tex.Cr.R. 370, 45 S.W.2d 595.

 In view of another trial, attention is directed to appellant's bill of exception No. 1. It certifies that immediately after announcements a jury list was furnished appellant's counsel and the prospective jurors were ordered by the court to "retire to another room in another part of the Criminal Courts Building outside the presence of and outside the hearing of said court and where the said prospective jurors were to be examined by the Assistant District Attorney and counsel for the defendant for the purpose of selecting a jury to try said case." It certifies further that the State's counsel, in the absence of the judge, propounded certain questions to the prospective jurors which caused them to inflict the maximum punishment in this case.

The court qualified the bill, in part, as follows: "This court is unable to certify what occurred, what questions were asked by the young Assistant District Attorney" and then refused to certify that his absence "from the room where the jury were being selected" resulted in the maximum penalty which was assessed.

 This qualification does not prevent the bill from showing error. We here reannounce the rule heretofore laid down by this Court that the judge's place is on the bench and in full charge of all proceedings at all stages of the trial, none of which should be conducted in his absence. The selection of the jury is just as important a stage in a criminal trial as is argument of counsel. In Tingley v. State, 157 Tex.Cr. R. 640, 252 S.W.2d 192, we held it error for a judge to absent himself from the courtroom during the argument.

For the errors pointed out, the judgment is reversed and the cause remanded.

Erwin L. GLASPY, Appellant,

v.

The STATE of Texas, Appellee.

No. 28874.

Court of Criminal Appeals of Texas.

March 13, 1957.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $250.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.